DOROTHY M. BALLEW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JAMES R. BALLEW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ballew v. Commissioner
Docket Nos. 16212-80, 16303-80.
United States Tax Court
T.C. Memo 1981-686; 1981 Tax Ct. Memo LEXIS 55; 42 T.C.M. (CCH) 1775; T.C.M. (RIA) 81686; November 30, 1981. Dorothy M. Ballew and James R. Ballew, pro se. Martha J. Combellick, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 1,376 in the income tax of each of the petitioners for 1978, together with additions to tax under section 6651(a) [1] in the amount of $ 344 and under section 6653(a) in the amount of $ 68.80. The only issues are (1) whether respondent erred in determining that petitioners each had unreported income in 1978 in the amount of $ 9,490.91; (2) whether respondent erred in determining that petitioners failed, within the meaning of section 6651(a), to file a timely income tax return for 1978; and (3) whether the additions to tax under section 6653(a) for negligence or intentional disregard *56 of the rules and regulations are applicable. At the time they filed their petition, petitioners were legal residents of Arizona. In the notice of deficiency, respondent determined that petitioner James R. Ballew had employers from which he received wages in 1978 in the following amounts: Employer
Wages
Howard P. Foley Co.
$ 8,169.30
Papago Power Inc.
668.64
Batson-Stack Electrical Co.
2,587.50
Bechtel Power Corp.
7,556.37
The notice of deficiency further determined that petitioners were husband and wife in 1978, that they were residents of Arizona in that year, and that their income from wages was taxable one-half to each of them. On this basis, the deficiencies in dispute were determined. Petitioners offered no evidence to show that respondent's determinations were erroneous, claiming the right to decline to testify as to their income on grounds of self-incrimination. Petitioners were advised by respondent's counsel that no criminal proceedings were pending against them with respect to their income taxes. *57 They, nonetheless, persisted in their refusal to testify. We sustain respondent's determination. ; , affd. per order (9th Cir. Mar. 14, 1973). As to the additions to tax under section 6651(a), the only document shown to have been filed by petitioners for 1978 was a Form 1040 bearing their names and address. Most of the blanks in the form were completed with the words "Object: Self-incrimination." The form does not constitute an income tax return, and the section 6651(a) additions to tax apply. ; . It is equally clear that petitioners intentionally disregarded the rules and regulations relating to reporting income without reasonable cause when they filed the Form 1940. The section 6653(a) additions to tax are, therefore, applicable. To reflect the foregoing, Decisions will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩